UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO A. JIMENEZ,

Plaintiff,

v.

BASS, et al.,

Defendants.

Case No. 24-cv-06428-JST

**ORDER GRANTING REQUEST TO REOPEN; DIRECTING CLERK TO VACATE ORDER OF DISMISSAL AND JUDGMENT AND TO REOPEN CASE; SCREENING COMPLAINT; DIRECTIONS TO DEFENDANTS**

Re: ECF No. 16

Plaintiff, an inmate housed at San Quentin State Prison, filed this *pro se* civil rights action. For the reasons set forth below, the Court GRANTS Plaintiff's request to reopen this action, ECF No. 16; ORDERS the Clerk to VACATE the January 30, 2025 Order of Dismissal and Judgment (ECF Nos. 11, 12); ORDERS partial service of the operative complaint; and ORDERS Defendants to inform the Court whether this case will be included in the potential global settlement being discussed in Case No. 24-cv-6420 JST, *Dominguez v. Bass*, or whether this case should proceed separately. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### I. Procedural Background and Related Cases

Plaintiff commenced this action on or about September 12, 2024 when he sent this Court via postal mail a complaint and application to proceed *in forma pauperis*. ECF No. 1. The Court informed him that the action was deficient because Plaintiff had not submitted his case-initiating documents via electronic mail as required by the Northern District of California's General Order

United States District Court
Northern District of California

No. 76 (“GO 76”)[1] and ordered Plaintiff to comply with GO 76 by September 28, 2024 or face dismissal of this action. ECF No. 1. The Court granted Plaintiff an extension of time to November 22, 2024 to comply with GO 76. ECF No. 6.

On December 16, 2024, this case was related to Case No. 23-cv-00671 JST, *Brown v. Bass* (“*Brown*”). ECF No. 7. In this December 16, 2024 order, the following additional cases were also related to *Brown* and reassigned to the undersigned if necessary: Case No. 3:24-cv-02621, *Young v. Bass*; Case No. 3:24-cv-05348, *Sierra v. Bass*; Case No. 5:24-cv-06262, Yepez v. Bass; Case No. 4:24-cv-06285, *Delossa v. Bass*; Case No. 3:24-cv-06286, *Hernandez v. Bass*; Case No. 1:24-cv-06667, *Segura v. Bass*; Case No. 5:24-cv-07502, *Meija v. Taylor*.

On January 30, 2025, the Court dismissed this action and entered judgment against Plaintiff because Plaintiff had not submitted his case-initiating documents via electronic mail as required GO 76. ECF Nos. 11, 12. The dismissal was without prejudice to Plaintiff requesting to reopen this action once he complied with GO 76. *Id*. That same day, in *Brown* and the related cases, the Court ordered the plaintiffs to respond to Defendants’ administrative motion requesting that a bellwether case be set. *Brown*, ECF No. 20.

On March 12, 2025, after this case was closed, Plaintiff filed a pleading in this case, stating that he agreed to the setting of a bellwether case; agreed that the bellwether case should be Case No. 24-cv-6667 JST, *Pulido Segura v. Bass*; and agreed to the proposed discovery and dispositive motion deadlines. ECF No. 13.

On March 27, 2025, the Court dismissed *Brown* pursuant to N.D. Cal. L.R. 3-11. *Brown*, ECF No. 38.

On May 5, 2025, the Court issued an order in the open related cases which designated Case No. 24-cv-6262 JST, *Yepez v. Bass* (“*Yepez*”), as the bellwether case; administratively stayed the remaining cases; and set discovery and briefing deadlines in *Yepez*. *Yepez*, ECF No. 23. On May 27, 2025, per Mr. Yepez’s request, the Court designated Case No. 24-cv-6420 JST, *Dominguez v.*

[1] N.D. Cal. GO 76 requires prisoners within the custody of certain California Department of Corrections and Rehabilitations (“CDCR”) institutions, including San Quentin Rehabilitation Center, to submit case-initiating documents for civil rights cases via electronic mail. N.D. Cal. GO 76.

*Bass* ("*Dominguez*"), as the bellwether case; lifted the administrative stay of *Dominguez*; and administratively closed *Yepez*. *Dominguez*, ECF No. 21.

On March 26, 2026, Mr. Dominguez and Defendants reported that they were discussing the possibility of a global settlement between Defendants and Mr. Dominguez and the plaintiffs in all other related active cases. *Dominguez*, ECF No. 30. Mr. Dominguez and Defendants requested that the pending deadlines be vacated and that *Dominguez* be stayed until October 12, 2026. *Id.* On April 9, 2026, the Court vacated all deadlines in *Dominguez* and administratively stayed *Dominguez* pursuant to the parties' joint request. *Dominguez*, ECF No. 31.

On June 8, 2026, the Court received a request for a status update from Plaintiff, wherein Plaintiff stated that he did not intend to dismiss this case. ECF No. 14. The Court construed this request as a request to reopen, and denied the request to reopen without prejudice to Plaintiff correcting the GO 76 deficiency that had required the dismissal of this action. ECF No. 15.

On July 19, 2026, Plaintiff submitted both a complaint and an *in forma pauperis* application via electronic mail. ECF Nos. 16, 17.

## II. Granting Request to Reopen Action (ECF No. 16); Directions to Clerk

On January 30, 2025, the Court dismissed this action and entered judgment against Plaintiff because Plaintiff had not submitted his case-initiating documents via electronic mail as required by GO 76. ECF Nos. 11, 12. The dismissal was without prejudice to Plaintiff requesting to reopen this action once he complied with GO 76. Plaintiff has since complied with GO 76 but filing his case-initiating documents via electronic mail on July 9, 2026. ECF Nos. 18, 19. The Court therefore GRANTS Plaintiff's motion to reopen this action. ECF No. 16. The Court directs the Clerk to VACATE the Order of Dismissal and related judgement (ECF Nos. 11, 12); and REOPEN this case.

## III. Screening Complaint

As required by 28 U.S.C. § 1915A(a), the Court conducts a preliminary screening of the complaint, ECF No. 19.

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Complaint**

The complaint states that it is brought on behalf of Plaintiff, inmates John Riley and Jesse Rose, and "over 100 plaintiffs."[2] The complaint names as defendants SQRC correctional officials Lieutenant Bass; Sergeants M. Taylor and E. Simpson; and Officer E. Castillo. The complaint alleges that on October 8, 2022,[3] defendants Bass, Simpson, and Taylor directed correctional

[2] The complaint in this action appears to be identical to the complaints filed in the following cases: Case No. 24-cv-5348 JST, *Sierra v. Bass, et al.*; Case No. 24-cv-6262 JST, *Yepez v. Bass, et al.*; Case No. 24-cv-6286 JST, *Hernandez v. Bass, et al.*; Case No. 24-cv-6285 JST, *Delossa v. Bass, et al.*; Case No. 24-cv-6420 JST, *Dominguez v. Bass, et al.*; Case No. 24-cv-6428 JST, *Jimenez v. Bass, et al.*; Case No. 24-cv-6667 JST, *Pulido Segura v. Bass, et al.*; and Case No. 24-cv-7502, *Mejia v. Bass, et al.*

[3] The Court presumes that the complaint's "8/20/2" date, Dkt. No. 19 at 2, is a scrivener's error as the attached grievance and government claim identify the unclothed body inspection as occurring

officers to perform an unclothed body search of Plaintiff as various female correctional officers watched. Plaintiff was traumatized emotionally and mentally by this event. The attachments to the complaint indicate that the strip search was conducted on the open-air grounds of the H-Unit yard without the benefit of privacy shields, and required that Plaintiff expose his genitals and anus. The complaint seeks monetary damages. *See generally* ECF No. 19.

### C. Order of Partial Service

Liberally construed, the complaint states a cognizable claim against Lieutenant Bass and Sergeants Taylor and Simpson for violations of the Fourth and Fourteenth Amendments. *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) ("*Byrd I*") (cross-gender strip search in non-emergency situation that involves touching inmate's genitalia and searching inside anus unreasonable as matter of law); *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 922-24 (9th Cir. 2017) ("*Byrd II*") (whether cross-gender strip search violates Fourth Amendment prohibition on unreasonable search and seizure depends on (1) scope of particular intrusion, (2) manner in which it is conducted, (3) justification for search, and (4) place in which it is conducted; whether cross-gender search violates Fourteenth Amendment right to bodily privacy depends on (1) whether there is valid, rational connection between search and legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising Fourteenth Amendment right; (3) impact accommodation of Fourteenth Amendment right will have on guards and other inmates, and on allocation of prison resources; and (4) availability of ready alternatives); *Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir. 1988) (in determining whether right to bodily privacy violated, relevant whether female officers regularly or frequently observe unclothed inmates without legitimate reason).

The Court DISMISSES defendant Castillo from this action because the complaint makes no allegations regarding defendant Castillo. The Court GRANTS Plaintiff leave to file an amended complaint bringing claims against defendant Castillo.

The Court DISMISSES proposed co-plaintiffs inmates John Riley and Jesse Rose from this

---

on October 8, 2022, Dkt. No. 19 at 6, 10.

United States District Court
Northern District of California

action. Neither of these inmates has signed the complaint, filed applications for leave to proceed *in forma pauperis*, or otherwise indicated that they wish to bring this action. In any event, this action may not proceed with co-plaintiffs. Generally, a *pro se* plaintiff is prohibited from pursuing claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.") (citation omitted). This dismissal of inmates John Riley #BR4912 and Jesse Rose #A43064 from this action is without prejudice to each of those inmates filing a separate action should they so wish. The Clerk is directed to send inmates John Riley #BR4912 and Jesse Rose #A43064 two copies of the Court's complaint form.

**D. Case Management Deadlines**

This case has been related to ten other cases which concern the same strip search. ECF No. 7. The bellwether case, Case No. 24-cv-6420 JST, *Dominguez v. Bass* ("*Dominguez*"), is stayed through October 12, 2026, as Defendants are discussing the possibility of a global settlement between Defendants and Mr. Dominguez and all other plaintiffs with active related cases. *Dominguez*, ECF No. 30. Because Defendants may choose to include this case in the potential global settlement, the Court will not set deadlines in this case at this time.

Within 40 days after service of this order via email on the CDCR, Defendants shall inform the Court whether this case will be included in the potential global settlement being discussed in *Dominguez* or whether this case should proceed separately. If this case is included in the potential global settlement being discussed in *Dominguez*, the Court will administratively stay the case. If Defendants prefer the case proceed separately, the Court will set case management deadlines.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The following defendant(s) shall be served: San Quentin Rehabilitation Center lieutenant C. Bass, Sgt. M. Taylor, and Sgt. E. Simpson.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 19), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Court GRANTS Plaintiff's request to reopen this action. ECF No. 16. The Court ORDERS the Clerk to VACATE the January 30, 2025 Order of Dismissal and Judgment. ECF Nos. 11, 12.

4. The Court DISMISSES proposed co-plaintiffs John Riley #BR4912 and Jesse Rose #A43063 from this action without prejudice to each inmate filing a separate action should they so

wish. The Clerk is directed to send John Riley and Jesse Rose a courtesy copy of this order and two copies of the court's complaint form to San Quentin Rehabilitation Center.

5. The Court DISMISSES defendant Castillo from this action with leave to amend. If Plaintiff wishes to file an amended complaint alleging claims against defendant Castillo, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-06428 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims found cognizable above and the defendants ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in ECF No. 19 remaining the operative complaint and defendant Castillo being dismissed from this action with prejudice. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

6. As detailed above, the complaint states a cognizable Fourth Amendment claim and a cognizable Fourteenth Amendment claim against defendants Bass, Taylor, and Simpson.

7. Within 40 days after the date of this order, Defendants shall inform the Court whether this case will be included in the potential global settlement being discussed in *Dominguez* or whether this case should proceed separately.

8. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

United States District Court
Northern District of California

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates ECF No. 16.

**IT IS SO ORDERED.**

Dated: July 31, 2026

JON S. TIGAR
United States District Judge